Mr. W. P. Daves, Jr. Chairman State Board of Insurance 1110 San Jacinto Austin, Texas 78786
Re: Whether reports regarding financial affairs of organization chartered under chapter 20, Texas Insurance Code, are public
Dear Mr. Daves:
You have requested our opinion under the Open Records Act, article 6252-17a, V.T.C.S., as to whether reports regarding the financial affairs of a group hospital service plan are available to the public.
Chapter 20 of the Texas Insurance Code provides that certain persons may apply for a corporate charter:
 for the purpose of establishing, maintaining and operating a nonprofit hospital service plan, whereby hospital care may be provided by said corporation through an established hospital or hospitals, and sanitariums with which it has contracted for such care, as is hereinafter defined.
Ins. Code art. 20.01. Corporations organized under chapter 20 are `under the direct supervision of the Board of Insurance.' Ins. Code art. 20.02.
Section 3(a)(12) of the Open Records Act excepts from disclosure:
 Information contained in or related to examination, operating or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions, and/or securities, as that term is defined in the Texas Securities Act.
In Open Records Decision No. 158 (1977), this office held that a chapter 20 organization was not a `financial institution' for purposes of section 3(a)(12) because, inter alia, it was not the kind of `insurance company' which the legislature intended to include in section 3(a)(12). The opinion noted that the legislature intended to include insurance companies regulated by the State Board of Insurance within the term `financial institutions' in section 3(a)(12). The conclusion with respect to chapter 20 organizations was based:
 on Insurance Code provisions that describe the purpose of the group hospital service and distinguish it from insurance companies. Article 20.09 of the Insurance Code states that `such corporations . . . shall not be construed as being engaged in the business of insurance under the laws of this State.'
Following the issuance of Open Records Decision No. 158, article 20.09 was amended and the referenced provision omitted. Acts 1977, 65th Leg., ch. 383, § 3, at 1038. In our opinion, the omission of that portion of article 20.09, deeming chapter 20 organizations not to be engaged in the business of insurance, indicates a legislative intent to bring such organizations within the scope of the term `insurance company.' On the basis of the reasoning of Open Records Decision No. 158, if a chapter 20 organization may be considered an `insurance company,' it is also a `financial institution' for purposes of section 3(a)(12). Accordingly, it is our view that all examination, operating and condition reports regarding chapter 20 organizations are excepted from disclosure under section 3(a)(12) of the Open Records Act.
 SUMMARY
Examination, operating, or condition reports prepared by, on behalf of, or for the use of the State Board of Insurance regarding an organization chartered under chapter 20 of the Texas Insurance Code are excepted from disclosure under section 3(a)(12) of the Open Records Act, article 6252-17a, V.T.C.S.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General